JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN P. BELTRAN,<br><br>      Petitioner,<br><br>    v.<br><br>B. CATES,<br><br>      Respondent. | Case No. EDCV 21-1555-VBF (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY |

On September 8, 2021, Sebastian P. Beltran ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet.") in the United States District Court for the Eastern District of California. Petitioner challenges his 1996 conviction and 2002 sentence in San Bernardino County Superior Court ("1996 Conviction"). (Pet. at 2-4.)[1] He also includes allegations regarding the conditions of his confinement at the California Correctional Institution at Tehachapi ("CCI"). (Pet. at 4.) On September 16, 2021, the Petition was transferred to this Court.

---

[1] The Court refers to the pages of the Petition as numbered by the CM/ECF system.

**PRIOR PROCEEDINGS**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in this Court, Sebastian Ponce Beltran v. Sullivan, Case No. EDCV 18-2026-VBF (JEM) ("2018 Habeas Action").  See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.") (citations omitted); accord United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

In the 2018 Habeas Action, Petitioner also challenged his 1996 Conviction.  (2018 Habeas Action, ECF 13 at 2.)  The 2018 Habeas Action was dismissed with prejudice as untimely on May 6, 2019.  (2018 Habeas Action, ECF 16, 17.)  The instant Petition, filed September 8, 2021, again challenges the 1996 Conviction as well as the conditions of Petitioner's confinement at CCI.  (Pet. at 2-4.)

**DISCUSSION**

**I.    DUTY TO SCREEN**

This Court has a duty to screen habeas corpus petitions.  See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes.  Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition.  Id.; see also Local Rule 72-3.2.  The notes to Rule 4 state: "'a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.'"  See Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).

///
///
///
///

## II. THE PETITION IS SUBJECT TO SUMMARY DISMISSAL TO THE EXTENT IT CHALLENGES THE VALIDITY OF PETITIONER'S 1996 CONVICTION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶]
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.

A district court does not have jurisdiction to consider a second or successive petition absent authorization from the court of appeals. Burton v. Stewart, 549 U.S. 147, 152 (2007)

(per curiam); see also Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

The instant Petition is a second or successive petition challenging the same conviction at issue in the 2018 Habeas Action, which was dismissed with prejudice as untimely. See McNabb, 576 F.3d at 1029. There is no indication in the record that Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition.[2] This Court, therefore, lacks jurisdiction over the Petition under 28 U.S.C. § 2244(b)(3). See Burton, 549 U.S. at 152.

Accordingly, to the extent the Petition challenges Petitioner's 1996 Conviction, it should be dismissed without prejudice to Petitioner filing a new action if he obtains permission from the Ninth Circuit to file a second or successive habeas petition.[3]

## III. THE PETITION IS SUBJECT TO SUMMARY DISMISSAL TO THE EXTENT IT CHALLENGES THE CONDITIONS OF PETITIONER'S CONFINEMENT

In addition to his claims regarding the validity of his 1996 Conviction, Petitioner also appears to challenge the constitutionality of the conditions of his confinement at CCI. (Pet. at 4.)

---

[2] Ninth Circuit Rule 22-3(a) provides that "if an application for authorization to file a second or successive section 2254 petition . . . is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Rule 22-3(a) also permits the district court to refer a second or successive 2254 petition to the Ninth Circuit in the interests of justice. In this case, there is no indication that the instant Petition is actually an application for authorization to file a second or successive petition that was mistakenly filed here, and the Court declines to construe it as such. The Court also does not find that it is in the interests of justice to refer the Petition to the Ninth Circuit under Rule 22-3(a) because there does not appear to be any valid basis for allowing a second or successive petition to proceed. If Petitioner seeks authorization to file a successive habeas petition, he should submit his application directly to the Ninth Circuit Court of Appeals in compliance with Ninth Circuit Rule 22-3.

[3] If Petitioner obtains permission to file a second petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. When Petitioner files a new petition, the Court will give the petition a new case number.

1    A habeas corpus petition is a vehicle for a prisoner to challenge the constitutionality of his conviction or sentence. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Challenges to a prisoner's conditions of confinement, however, must be brought in a civil rights complaint rather than a habeas corpus petition. Id.; see also Hill v. McDonough, 547 U.S. 573, 579 (2006) ("[a]n inmate's challenge to the circumstances of his confinement" must be brought through a civil rights action); Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (citation omitted). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); see also Ramirez v. Galaza, 344 F.3d 850, 859 (9th Cir. 2003) (habeas jurisdiction is lacking, and a civil rights action instead is appropriate, "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief]" and, instead, should be brought as a civil rights claim "in the first instance." Nelson v. Campbell, 541 U.S. 637, 643 (2004).

    The Petition includes allegations that Petitioner has not received adequate medical treatment and has contracted COVID-19. (Pet. at 4.) These are conditions of confinement claims that do not implicate the fact or duration of Petitioner's confinement despite his requested remedy of release from custody. As such, these allegations sound in civil rights, not in habeas, and the Court declines to exercise its discretion to construe the Petition as a civil rights complaint. See Bolden v. Ponce, 2020 WL 2097751, at *2 & n.1 (C.D. Cal. May 1, 2020); accord Smith v. Von Blanckensee, No. CV 20-4642-JVS (JEM), 2020 WL 4370954, at *3 (C.D. Cal. Jul. 2, 2020).

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed without prejudice as an unauthorized second or successive petition. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

**ORDER**

IT IS HEREBY ORDERED that: (1) the Petition is dismissed without prejudice; and (2) a certificate of appealability is denied.

DATED: December 8, 2021

/s/ Valerie Baker Fairbank

_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE